No. _____ 729-15

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

ORIGINAL

---

JAMES A. BROWN

- VS -

THE STATE OF TEXAS

---

ON PETITION FOR REVIEW FROM

THE THIRD COURT OF APPEALS

TEXAS, AUSTIN, TRAVIS

CAUSE NO. 03-13-00760-CR

---

APPEALED FROM THE 331st DISTRICT OF

TRAVIS COUNTY IN CAUSE # D-1-DC-13-300630

BEFORE JUSTICES PURYEAR, PEMBERTON, AND

BOURLAND AFFIRMED -- OPINION BY JUSTICE PURYEAR

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 12 2015

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

AUG 12 2015

Abel Acosta, Clerk

NO ORAL ARGUMENT REQUESTED

## IDENTITY OF PARTIES

APPELLANT:

JAMES A. BROWN

TDCJ-ID 1893446

1313 COUNTY ROAD 19

LAMESA, TX 79331


APPELLEE:

TRAVIS COUNTY DISTRICT ATTORNEY'S OFFICE


APPELLE'S COUNSEL:

ROSEMARY LEHMBERG

OFFICE OF THE TRAVIS COUNTY DISTRICT

ATTORNEY APPEAL DIVISION

P.O. BOX 1748

AUSTIN, TEXAS 78701

# TABLE OF CONTENTS

IDENTITY OF PARTIES . . . . . . . . . (i)

TABLE OF CONTENTS . . . . . . . . . (ii)

TABLE OF AUTHORITIES . . . . . . . . (iv)

STATEMENT OF JURISDICTION . . . . . . (ix)

STATEMENT OF CASE . . . . . . . . (ix)

STATEMENT OF ISSUES PRESENTED . . . . . (I)

**I.** DID THE APPELLATE COURT ERR WHEN IT DETERMINED LEGALLY SUFFICIENT EVIDENCE TO CONVICT APPELLANT FOR THE OFFENSE OF RETALIATION PURSUANT TO TEXAS PENAL CODE § 36.06? . . . . . . . . . 2

    STATEMENT OF FACTS . . . . . . . 2

    SUMMARY ARGUMENT . . . . . . . 2

ARGUMENT . . . . . . . . . . . . 3

**II.** DID THE APPELLATE COURT ERR. WHEN IT RULED APPELANT'S MOTION TO QUASH INDICTMENT WAS ONLY AN ORAL MOTION WHEN A PRO SE WRITTEN MOTION HAD ALSO BEEN FILED ? . . . . . . 11

    STATEMENT OF FACTS . . . . . . 12

    SUMMARY ARGUMENT . . . . . . 12

ARGUMENT . . . . . . . . . . . 13

**III.** DID THE APPELLATE COURT ERR WHEN IT OVERRULD APPELLANT'S CLAIM OF INFFECTIVE ASSISTANCE OF COUNSEL ? . . . . . . . . . . 17

    STATEMENT OF FACTS . . . . . . 17

    SUMMARY ARGUMENT . . . . . . 18

ARGUMENT . . . . . . . . . . . . 19

PRAYER . . . . . . . . . . . . 27

CERTIFICATE OF SERVICE . . . . . . 27

# INDEX OF AUTHORITIES

## FEDERAL CASES

ANDERSON V. HARLESS 459 U.S. 4,6, 103 S. Ct. 276, 74 L.Ed. 3 (1982) . . . . . . . . . . . . . . . . . . 11

BRADY V. MARYLAND 373 U.S. 83, 87 (1963) . . . . . 17

BROOK V. TEXAS, 381 F.2d 619 (5th CIR. 1967) . . . 22

BROWN V. ALLEN, 344 U.S. 443, 502, 97 L.Ed. 469, 73 S.Ct. 397 (1953) . . . . . . . . . . . . . . . . . . 22

BULLCOMING V. NEW MEXICO, 564 U.S. ___ (2011) . . 23

CALDWELL V. MISSISSIPPI, 472 U.S. 320, 86 L.Ed. 231, 105 S.Ct. 2633 (1985) . . . . . . . . . . . . . . 25

CARRIER V. HUTTO, 724 F.2d 396 (1983) . . . . . 23

CARUSO V. ZELINSKY 689 F.2d 438 (3rd CIR. 1982) . 20

CHAMBERS V. MISSISSIPPI, 410 U.S. 284, 93 S.Ct. 1038 (1973) . . . . . . . . . . . . . . . . . . 15

CRAWFORD V. WASHINGTON, 541 U.S. 36 (2003) . . . 24

ENRIQUEZ V. PROCUNIER, 752 F.2d 111, 114 (5th CIR. TEX. 1984), CERT. DENIED, 471 U.S. 1126 (1985) . . . . . . . . . . . . . . 16

EVITTS V. LUCEY, 469 U.S. 387, 396, 83 L.Ed 821, 105 S.Ct. 830 (1985) . . . . . . . . . . . . . . . . . . 26

GIDEON V. WAINWRIGHT 372 U.S. 335, 339, 344, 9 L.Ed. 2d. 799, 802, 805, 83, S. Ct. 792, 93 A.L.R. 2d 733 (1963) . . . 26

GLOVER V. UNITED STATES, 531 U.S. 198, 203-204, 121 S.Ct. 696, 148 L.Ed. 2d 604 . . . . . . . . . . . . . . . . 20

HICKS V. WAINWRIGHT, 633 F.2d 1146, 1148 (5th CIR. FLA. 1981) . . . . . . . . . . . . . . . . . . 16

HILL V. LOCKHART, 474 U.S. 52 (1985) . . . . . . 21

JAMES V. KENTUCKY, 466 U.S. 351, 104 S.Ct. 1830, 80 L.Ed. 2d 346 (1984) . . . . . . . . . . . . . . 17

LAFLER V. COOPER, 132 S.Ct. 1376 (2012) . . . . 21

MELENDEZ-DIAZ V. MASSACHUSETTS, 577 U.S. __ 2009 . . . . . . . . . . . . . . . . . . . . 23

MISSOURI V. FRYE, 132 S.Ct. 1399 (2012) . . . . 21

MOORE V. CZERNIAK, NO. 04-15713, U.S. (9th CIR. 2009) . . . . . . . . . . . . . . . . . . 21

OSBORNE V. OHIO, 495 U.S. 103, 122-125, 110 S.Ct. 1691, 109 L.Ed. 2d 98 (1990) . . . . . . . . . . . . . . 14

PEDRERO V. WAINWRIGHT, 590 F.2d 1383, 1390 (5th CIR. [FLA.] 1979) . . . . . . . . . . . . . 16

SCHLUP V. DELO 513 U.S. 298, 327 (1995) . . . . 9

STRICKLAND V. WASHINGTON 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed. 674 (1984) . . . . . . . . . . . 19, 22, 25

THOMAS V. BETO, 423 F.2d 642 (5th CIR. 1970) . . . 26

TOLLETT V. HENDERSON 411 U.S. 298, 327 (1973) . . 19

UNITED STATES V. BAGLEY 473 U.S. 667 (1985) . . . . . . . . . . . . . . . . . . . . . 17

UNITED STATES V. DECOSTER, 159 U.S. APP. D.C. 326, 487 F.2d 1197 (1973) . . . . . . . . . . . . . 26

UNITED STATES V. OROZCO-SANTILLAN, 903 F.2d 1262, 1265 (9th CIR. 1990) . . . . . . . . . . . . . 5

WEAVER V. MCKASKLE, 733 F.2d 1103, 1104 (5th CIR. [TEX.] 1984) . . . . . . . . . . . . 16

WOOD V. ALLEN 130 S.Ct. 841 (2010) . . . . . . 22

# STATE CASES

ABDNOR V. STATE, 871 S.W. 2d 726, 738 (TEX. CR. APP. 1994) . . . . 17

ALMANZA V. STATE, 686 S.W. 2d 157, 174 (TEX. CR. APP. 1984) . . . . 4

ARLINE V. STATE, 721 S.W. 2d 348, 351 (TEX. CR. APP 1986) . . . . . 5

BLUE V. STATE, 41 S.W. 3d 129 (TEX. CR. APP. 2000) . . . . . . . 22

BOOZER V. STATE 717 S.W. 2d 608 (TEX. CR. APP. 1989) . . . . . 11

BROOK V. STATE, 323 S.W. 3d 893, 895 (TEX. CRIM. APP. 2010) . . . . 2,11

BUTLER V. STATE 716 S.W. 2d 48, 54 (TEX. CR. APP. 1986) . . . . 20

COOK V. STATE, 902 S.W. 2d 471, 475-76 (TEX. CR. APP. 1995) . . . . 15

CORMIER V. STATE, 955 S.W. 2d 161, 163-164 TEX. APP., AUSTIN 1997 . . . . . . . . . . . . . . . . . . . 19

DELGADO V. STATE 235 S.W. 3d 244, 252-253 (TEX. CR. APP. 2007) . . . . . . . . . . . . . . . . 16

DOYLE V. STATE 661 S.W. 2d 726 (TEX. CR. APP. 1983) . . . . . . 8

DRUMM V. STATE, 560 S.W. 2d 944 (TEX. CR. APP. 1977) . . . . . 13

DUE V. STATE, 634 S.W. 2d 304, 305 (TEX. CR. APP 1986) . . . . 13

EX PARTE AXEL 757 S.W. 2d 369 (TEX. CR. APP. 1988) . . . . . 26

EX PARTE DUFFY, 607 S.W. 2d 507, 516 (TEX. CR. APP. 1980) . . . . 22

EX PARTE LEMKE, 13 S.W. 3d 796 (TEX. CR. APP. 2000) . . . . 21

EX PARTE WELBORN 785 S.W. 2d 391 (TEX. CR. APP. 1990) . . . . 20

EX PARTE WOODS, 176 S.W. 3d 224 (TEX. CR. APP. 2005) . . . . 23

EX PARTE VARELAS, 45 S.W. 3d 627, 630 (TEX. CR. APP 2001) . . . 20

FRANGIAS V. STATE, 392, S.W. 3d 642, 653 (TEX. CR. APP. 2013) . . . . . . . . . . . . . . . . . . . . . . . 26

GOVAN V. STATE, 671 S.W. 2d 660, 663 (TEX. APP. HOUSTON [1st DIST.] 1984, PET. REF.) . . . . . . . . . . 10

HUIZAR V. STATE, 12 S.W. 3d 479, 483 (TEX. CR. APP. 2000) . . . . 19

JEFFERS V. STATE, 646 S.W. 2d 185 (TEX. CR. APP. 1981) . . . . 13

MEYER V. STATE, 360 S.W. 3d 728 (TEX. APP. - TEXARKANA 2012) . . . . . . . . . . . . . . . . . . . . . . 9

MONTGOMERY V. STATE, 810 S.W. 2d 372, 388-389 TEX. CR. APP. 1991) . . . . . . . . . . . . . . . . . . . . . 24

MOORE V. STATE, 531 S.W. 2d 140 (TEX. CR. APP. 1976) . . . . 8

MORENO V. STATE, 858 S.W. 2d 453, 463 TEX. CR. APP. 1993, CERT. DENIED, 510 U.S. 966 (1993) . . . . . . . . . . 10

NELSON V. STATE 149 S.W. 3d 175 (TEX. CR. APP 1976) . . . 20

PIKE V. STATE, 758 SW 2d 357, 362 (TEX. APP., WACO 1988 PET. REF.) . . . . . . . . . . . . . . . . 10

REYNOLDS V. STATE, 547 S.W. 2d 590, 591-592 (TEX. CR. APP. 1976) . . . . . . . . . . . . . . . . . . 4

RODGERS V. STATE, 180 S.W. 3d 716, 724 TEX. APP., WACO 2005, NO. PET. H.) . . . . . . . . . . . . . . . . . 19

RODRIGUEZ V. STATE, 340 S.W. 2d 61 (TEX. CR. APP. 1960) . . . . 20

STATE V. ROBINSON 334 S.W. 3d 776 (TEX. CR. APP. 2011) . . . . 23

SWABADO V. STATE, 597 S.W. 2d 361, 364 (TEX. CR. APP 1980) . . . 14

TEMPLE V. STATE, 14-08-00074 CR TEX. APP. -HOUSTON [14th DIST.] 2011 NO PET.) . . . . . . . . . . . . . . 11

THOMPSON V. STATE 9 S.W. 3d 808, 813 (TEX. CR. APP. 1999) . . . 25

TIPPINS V. STATE, 530 S.W. 2d 110, 111 (TEX. CR. APP. 1975) . . . 10

WHITING V. STATE, S.W. 2d 45, 48 (TEX. CR. APP. 1990) . . . . 17

RULES, CONSTITUTION, ARTICLES

GOVT. C. § 508.149 . . . . . . . . . . . . . . 14, 25

PEN. C. § 1.03(d) . . . . . . . . . . . . . . 4

PEN. C. § 1.07(d)(i) . . . . . . . . . . . . . 4

PEN. C. § 1.07(d)(8) . . . . . . . . . . . . . 4

PEN. C. § 1.07 (a) (25) . . . . . . . . . . 4, 13

PEN. C. § 1.07 (a) (48) . . . . . . . . . 4

PEN. C. § 22.01 . . . . . . . . . 4, 8, 10, 13, 14, 15, 21

PEN. C. § 22.02 . . . . . . . . . 4, 13, 14, 15, 21

PEN. C. § 36.06 . . . . . . . . . 4, 13, 15, 21

TEX. C. CR. PROC. ART 1.14 . . . . . . . . . . 12, 16

TEX. C. CR. PROC. ART. 21.02 . . . . . . . . . 14, 16

TEX. C. CR. PROC. ART. 21.03 . . . . . . . . . 14

TEX. C. CR. PROC. ART. 21.04 . . . . . . . . . 14

TEX. C. CR. PROC. ART. 42.12 §(3g) . . . . . . 14, 25

TEX. CONST. ART. 1 § 10 . . . . . . . . . 14, 16

T.R.A.P. 25.2 (d) (a) . . . . . . . . . 25

T.R.A.P. 56. 1 (a) . . . . . . . . . . 3

T.R.A.P. 60. 2 (e) . . . . . . . . . . 27

T.R.A.P. 61.1 (a) (b) . . . . . . . . . 3, 27

T.R.A.P. 66.3 . . . . . . . . . . 3

TEX. R. EVID. 201 (b)(c)(d) (e) . . . . . . . . . 15

TEX. R. EVID. 403 . . . . . . . . . . 24

TEX. R. EVID. 702, 703, 705 (a) . . . . . . . . 22

TEX. R. EVID. 706 (d) . . . . . . . . . . 24

U.S. CONST. AMEND. VI AND XIV . . . . . 14

5 ALR 5th 243, SUFFICIENCY OF BODILY INJURY TO

SUPPORT CHARGE OF AGGRAVATED ASSAULT . . . . 8

(viii)

## STATEMENT OF CASE

THIS IS AN APPEAL FROM THE 331st JUDICIAL DISTRICT WHERE TRIAL COMMENCED WITH NO PRETRIAL MOTIONS BEING CONSIDERED BY TRIAL COURT, UPON ORAL AND WRITTEN REQUEST BY BROWN PRO SE. BROWN ELECTED TO GO TO TRIAL BY BENCH FOR GUILT/INNOCENCE AND PUNISHMENT. HE WAS CONVICTED ON THREE COUNTS OF RETALIATION OCTOBER 23, 2013 WITH PUNISHMENT ASSESSED AT 15 YEARS IN PRISON ON EACH COUNT, SENTENCES TO RUN CONCURENTLY. BROWN FILED A PRO SE MOTION FOR NEW TRIAL NOVEMBER 1, 2013; HIS ATTORNEY FILED MOTION FOR NEW TRIAL OCTOBER 31, 2013 AND THESE MOTIONS WERE DENIED BY OPERATION OF LAW. BROWN FILED A PRO SE MOTION FOR FREE APPELLATE RECORD, NOTICE OF APPEAL, MOTION FOR APPOINTMENT OF APPELLATE COUNSEL NOVEMBER 8, 2013. APPELLATE COUNSEL WAS APPOINTED JANUARY 16, 2014. APPELLATE COUNSEL FILED A MOTION TO ABATE APPEAL DECEMBER 24, 2014 AND A SUBSEQUENT APPELLANT'S BRIEF DECEMBER 29, 2014. THIRD COURT OF APPEALS ISSUED JUDGMENT ON MAY 12, 2015 VIA MEMORANDUM OPINION BEFORE JUSTICES PURYEAR, PEMBERTON AND BOURLAND AFFIRMING THE TRIAL COURT'S JUDGMENT AND DENYING MOTION TO ABATE. OPINION WAS NOT PUBLISHED.

## STATEMENT OF JURISDICTION

JURISDICTION OF THIS COURT IS INVOKED UNDER RULES 4.03, 4.04 OF TEXAS CODE OF CRIMINAL PROCEDURE; TEX. R. APP. PROC. 68; AND THE 14th U.S. CONST. AMEND.

(ix)

No. _____

IN THE

COURT OF CRIMINAL APPEALS

AT AUSTIN, TEXAS

JAMES A. BROWN

VS.

THE STATE OF TEXAS

AMENDED PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW JAMES BROWN, PRO SE, AND FILES THIS AMENDED (PDR) IN APPEAL OF THE AFFIRMING OF HIS CONVICTION BY THE THIRD COURT OF APPEALS, AND SUPPORT OFFERS, THE FOLLOWING:

STATEMENT OF ISSUES PRESENTED FOR REVIEW

I. DID THE APPELLATE COURT ERR. WHEN IT DETERMINED THERE WAS LEGALLY SUFFICIENT EVIDENCE TO CONVICT APPELLANT FOR THE OFFENSE OF RETALIATION PURSUANT TO TEXAS PENAL CODE §36.06 ?

II. DID THE APPELLATE COURT ERR WHEN IT RULED APPELLANT'S MOTION TO QUASH INDICTMENT WAS ONLY AN ORAL MOTION WHEN A PRO SE WRITTEN MOTION HAD ALSO BEEN FILED?

III. DID THE APPELLATE COURT ERR WHEN IT OVERRULED APPELLANT'S ~~____~~ CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL?

(1)

I. DID THE APPELLATE COURT ERR WHEN IT DETERMINED THERE WAS LEGAL SUFFICIENT EVIDENCE TO CONVICT APPELLANT FOR THE OFFENSE OF RETALIATION PURSUANT TO TEXAS PENAL CODE § 36.06?

## STATEMENT OF FACT

THE APPELLATE COURT, COURT OF APPEALS (C.O.A) REST ITS OPINION ON THE INDICTMENT IN THIS CASE, THAT BROWN DID THEN AND THERE INTENTIONALLY OR KNOWINGLY THREATEN JOSEPH, LANEY, AND DYAR "BY AN UNLAWFUL ACT, TO-WIT: ASSAULT AND AGGRAVATED ASSAULT... IT FURTHER STATES THE THREATENED HARM DOESN'T HAVE TO BE "IMMINENT". MOREOVER, (C.O.A) CITES BROOK V. STATE, 323 S.W. 3d 843, 895 (TEX. CR.APP. 2010) EXPLAINING THAT "IT DO NOT REVIEW FACTUAL SUFFICIENCY OF THE EVIDENCE TO SUPPORT A JURY'S FINDING ON ELEMENTS OF A CRIMINAL OFFENSE THAT THE STATE IS REQUIRED TO PROVE BEYOND A REASONABLE DOUBT."

## SUMMARY ARGUMENT

EVERYTHING SHOULD BE STATED IN AN INDICTMENT WHICH IS NECESSARY TO BE PROVED. THE ACT, BY LAW, WHICH IS DECLARED A CRIMINAL OFFENSE, MUST BE SET FORTH IN PLAIN AND INTELLIGIBLE WORDS. AND WHERE A DEFENDANT'S CONDUCT IS PROHIBITED UNDER A GENERAL STATUTE AND A SPECIFIC STATUTE AND BOTH STATUTES HAVE THE SAME GENERAL PURPOSE, THE DEFENDANT MUST BE CHARGED UNDER THE SPECIFIC STATUTE. THE GREATER THE INVASION OF RIGHTS BY THE GOVERNMENT, THE GREATER THE AMOUNT OF EVIDENCE REQUIRED TO SHOW GOOD REASON FOR DENYING THOSE RIGHTS. THE PURPOSE IS TO MINIMIZE THE POSSIBILITY OF ERROR,

(1)

ESPECIALLY AS THE STAKES FOR THE INDIVIDUAL INCREASE. FURTHERMORE, PEN. C. § 36.06 IS UNCONSTITUTIONALLY APPLIED TO BROWN BECAUSE HE IS ACTUALLY INNOCENT AND BECAUSE THERE IS NO PROOF BEYOND A REASONABLE DOUBT THAT HE THREATEN TO [H]ARM ANYONE WITH "ASSAULT" OR "AGG. ASSAULT" AND IN THE INTEREST OF JUSTICE TO PREVENT THE MISCARRIAGE JUSTICE, BROWN PURSUES THE FUNDAMENTAL FAIRNESS ENTITLED TO THE ACCUSED ABSENT FROM HYPOTHETICAL THEORIES AND DISCRIMINATING GENERALITIES ON FIGURATIVE SPEACH THAT SHOW NO UNLAWFUL ACT. CRIMINAL CASES ARE TRIED UNDER THE BEYOND A REASONABLE DOUBT ANALOG, NOT THE CLEAR AND CONVINCING ANALOG.

## ARGUMENT

BROWN GUIDES THIS COURT'S CONSIDERATION PURSUANT TEXAS RULE OF APPELLATE PROCEDURE (T.R.A.P) 66.3; T.R.A.P 56.1(a) AND 61.1(a)(b) IN DECIDING WHETHER TO GRANT DISCRETIONARY REVIEW. 6th AND 14th U.S. CONST. AMEND. VIOLATIONS RISE FROM FUNDAMENTAL DEFECTS IN THE INDICTMENT WHICH READ IN PERTINENT PARTS, DID THEN AND THERE INTENTIONALLY OR KNOWINGLY THREATEN" JOSEPH, LANEY, DYAR BY AN UNLAWFUL ACT, TO-WIT: ASSAULT AND AGGRAVATED ASSAULT, ~~████~~ IN RETALIATION FOR OR ON ACCOUNT OF THE SERVICE OR STATUS OF JOSEPH, LANEY, DYAR AS A PUBLIC SERVANT. THE INDICTMENT WHEN READ, AS A WHOLE, CLEARLY DID NOT LIMIT THE APPLICATION OF THE REQUIRED MENTAL STATES TO THE RESULTS OF THE CONDUCT. THE CHARGE IS MISLEADING WHEN OMITS THE STATUTORY ELEMENT "HARM", A ELEMENT WHICH IS NECESSARY TO PROVE GUILT AND AUTHORIZE A CONVICTION. THE STATUTORY WORD "HARM" HAS A TECHNICAL MEANING UNDER

(3)

PEN. C. § 1.07(a)(25) AND MUST NOT BE OMITTED, NOR HAVE EQUIVALENT, OR SUBSTITUTE WORDS. SEE PEN. C. § 1.03(a) EFFECT OF CODE. EACH AND EVERY ELEMENT MUST BE PROPERLY PLEAD FOR INDICTMENT TO ALLEGE OFFENSE. REYNOLDS V. STATE, 547 S.W.2d 590, 591-592 (TEX. CR. APP. 1976). THE INDICTMENT FURTHER READS "BY AN UNLAWFUL ACT, TO-WIT: ASSAULT AND AGGRAVATED ASSAULT". TECHNICAL MEANING FOR "UNLAWFUL" PEN. C. §1.07(a)(48) AND THE MEANING OF "ACT" Id. §1.07(a)(1).

IN APPLYING "ASSAULT" AS A [FACT] OF AN UNLAWFUL ACT WE MUST EXPAND THE SCOPE OF TEX. PEN. C. § 22.01 TO ITS MANY SUBSECTIONS. IN THIS HYPOTHETICAL SITUATION BROWN WILL ASSUME THE COURT'S BELOW BASED ITS DECISION ON 22.01(a)(2) INTENTIONALLY OR KNOWINGLY THREATENS ANOTHER WITH "IMMINENT" BODILY INJURY..., THE TERM IMMINENT MEANS ABOUT TO HAPPEN AND THE TERM BODILY INJURY MEANS Id. §1.07(a)(8). IT WOULD BE IMPROPER TO APPLY STATUTORY ELEMENTS OF RETALIATION § 36.06 TO STATUTORY ELEMENTS OF 22.01 AND RENDER A GUILTY VERDICT.

IN VIEWING PEN. C. § 22.02 AGGRAVATED ASSAULT IN ITS HYPOTHETICAL 22.02(a)(1)(2) SCOPE, IT WOULD IMPROPERLY APPLY STATUTORY ELEMENTS OF 36.06 TO STATUTORY ELEMENTS OF 22.02 TO SUPPORT A CONVICTION.

IN VIEWING THE ENTIRE RECORD AS REQUIRED BY ALMANZA V. STATE 686 S.W. 2d 157, 174 (TEX. CR. APP. 1984). THE ACTUAL DEGREE OF HARM MUST BE ASSAYED IN LIGHT OF THE ENTIRE JURY CHARGE, THE STATE OF THE EVIDENCE, INCLUDING CONTESTED

(4)

ISSUES AND WEIGHT OF PROBATIVE EVIDENCE, THE AR ARGUMENT OF COUNSEL AND ANY OTHER RELEVANT INFORMATION REVEALED BY THE RECORD AS A WHOLE. ARLINE V. STATE, 721 S.W. 2d 348, 351 (TEX. CR. APP. 1986). WHETHER A PARTICULAR STATEMENT MAY PROPERLY BE CONSIDERED TO BE A THREAT IS GOVERNED BY AN OBJECTIVE STANDARD — WHETHER A REASONABLE PERSON WOULD FORESEE THAT THE STATEMENT WOULD BE INTERPRETED BY THOSE TO WHOM THE MAKER COMMUNICATES THE STATEMENT AS A SERIOUS EXPRESSION OF INTENT TO HARM OR ASSAULT. SEE UNITED STATES V. OROZCO — SANTILLAN, 903 F.2d 1262, 1265 (9th CIR. 1990). WHAT WAS ALLEGEDLY SAID IS VITAL. THE THREE COMPLAINANT TESTIFIED TO INCONSISTANT ACCUSATIONS:

DYAR — HE STARTED SCREAMING AT US, THAT HE WOULD GET THE ELECTRIC CHAIR FOR WHAT HE DO, THAT HE KNEW WHERE THEY LIVED, THAT HIS LIFE WAS OVER, AND THE STATE WOULD NOT GET HIS OTHER DAUGHTER. (RR. P. 17, LINES 4-6; RR. P. 21, LINE 24); (RR. P. 22, LINES 1-5). SHE ALSO SAID BROWN DID NOT THREATEN THEM SPECIFICALLY BY SAYING THEIR NAME. (RR. P. 22, LINES 24-25; RR. P. 24, LINES 1-2), AND THAT HE NEVER SAID I'm COMING -- AND HE WAS EXPRESSING HIS GRIEF (RR. P. 30, LINES 24-25; RR. P. 31, LINES 1-2); (RR. P. 31, LINES 14-15 & 23-25).

LANEY — BROWN BEGAN MAKING THREATS THAT "APPEARED" TO BE DIRECTED AT THE THREE OF THEM BECAUSE HE WAS LOOKING DIRECTLY AT US (RR. P. 38, LINES 24-25; RR. P. 39, LINES 1-3) WHEN HE REPEATEDLY SAID "I DON'T CARE IF I GET THE ELECTRIC CHAIR, "I KNOW WHERE YOU LIVE," LET THEM ARREST ME." (RR. P. 39, LINES 13-19).

JOSEPH — BROWN BEGAN MUTTERING I KNOW WHERE YOU LIVE... I GOT D AND E SO ARIANNA [BROWNS OTHER DAUGHTER] IS GONE... MY LIFE IS OVER, I'M GOING TO GET THE ELECTRICT CHAIR (RR.P. 57, LINES 16-19); (RR.P. 60, LINES 19-23); (RR.P. 61, LINES 20-23 & P. 62, LINES 1-6. SHE SAYS THAT HE LOOKED RIGHT AT HER AS HE UTTERED THOSE WORDS.

THREE DEPUTIES AND BROWN TESTIFIED TO DIFFERENT ACCOUNTS:

DEPUTY SLONE — BROWN SPEECH BECAME MORE ELEVATED AT THE LADIES APPEARANCE OUTSIDE THE COURTROOM AND SAID "I CAN'T LIVE WITHOUT MY KIDS" AND I KNOW WHERE YOU WORK". (RR.P. 80, LINES 2-6 & LINES 9-11). BUT BELIEVED HE WAS TALKING TO HIS MOTHER AS THAT IS WHO HE WAS LOOKING AT, BUT "HE WAS TALKING LOUD ENOUGH TO WHERE EVERYBODY COULD HEAR". (RR.P. 82, LINES 7-9, LINES 20-22, LINES 4-6).

DEPUTY ARNOLD — THE COMPLAINANTS TOLD HER BROWN SAID I KNOW WHERE YOU LIVE," BUT THAT SHE HERSELF HAD NOT HEARD HIM SAY THAT (RR.P. 88, LINES 16-22). SHE SAYS THAT BROWN WAS LOOKING AT EVERYONE IN THE HALLWAY NOT JUST BROWNS ACCUSERS (RR.88, LINES 3-6; RR.P. 40, LINES 1-5).

DEPUTY DUCAN — OVERHEARD BROWN SAY "I'M NOT AFRAID OF DYING," BUT DID NOT HEAR BROWN SAY "I KNOW WHERE YOU LIVE". (RR.P. 92, LINES 6-14). HE HEARD NO THREATS AND FELT BROWN SHOULDN'T HAVE BEEN ARRESTED. (RR.P. 92, LINES 15-21). HE ALSO HEARD BROWN SAY "HE WASN'T AFRAID OF THE ELECTRIC CHAIR". (RR.P. 93, LINES 7-9 & LINES 18-21).

(6)

Brown — that he was talking to his mother about filing a law suit, saying "when I file they're going to give me the electric chair when I'm done". (RR. P. 95, lines 15-21) Never spoke of harming anyone. Never said "I know where you live" (RR. P. 96, lines 11-14); 3. Never said "I am not afraid of dying," "I'm coming for you" or when I come to your house they'll arrest me." (RR. P. 96, lines 20-25; RR. P. 97, lines 1-9). But did say my life is over if my kids are gone, they took my babies (RR. P. 96, lines 17-19). The comment regarding the electric chair, he admitted to speaking figuratively (RR. P. 98, lines 6-10). As he spoke, he never looked at his accusers (RR. P. 103, lines 6-10).

Brown will abandon the theory that the state rested its verdict on any alleged statements other than the many versions of the electric chair comment because 1.) the evidence is so conflicting and ambigueous that he wouldn't know which one the state relied on for prosecution; 2.) the indictment fails to allege the nature, manner, or means of retaliation, assault, and agg. assault; 3) there is reasonable doubt that Brown was talking "about" or "to" each of his accusers; 4.) Brown testified to making the electric chair comment, regarding it to a lawsuit; 5.) the state opposed dirict verdict asserting the evidence show Brown threaten assault and agg. assault when he said he would get the electric chair (RR. P. 70, lines 21-25; RR. P. 71, lines 1-4); 6.) credible witnesses testified that they hadn't heard the alleged statements the accusers claimed Brown made and that he was speaking loudly to his mother while looking at

(7)

EVERYBODY; 7.) BROWN DENIED MAKING MOST OF THE STATEMENTS HE IS ACCUSED OF AND THAT HE WAS TALKING TO HIS MOTHER.

THE MEANING OF BROWN'S STATEMENT SHOULD ONLY BE INTERPRETED BY CONSIDERING THE CONTEXT IN WHICH IT IS MADE. THEREFORE, WHILE ONE CERTAINLY THREATENS HARM IF HE THREATENS TO CAUSE SOMEONE BODILY INJURY, A THREAT OF PHYSICAL INJURY IS NOT REQUIRED, HOWEVER, TO CONSTITUTE ASSAULT AND AGG. ASSAULT, AS IN THIS CASE, WHERE THE STATE IS BOUND BY ITS ALLEGATIONS IN THE INDICTMENT AND MUST PROVE THEM BEYOND A REASONABLE DOUBT, [MOORE V. STATE, 531 S.W. 2d 140 (TEX.CR.APP.1976)] THE CAPABILITY TO CARRY OUT THE THREAT IN THIS TYPE OF OFFENSE IS ESSENTIALLY NECESSARY WHEN FOLLOWING THE LANGUAGE OF 22.01(a) AND 22.02(a)(1)(2). SEE 5 ALR 5th 243, SUFFICIENCY OF BODILY INJURY TO SUPPORT CHARGE OF AGG. ASSAULT. FUTHERMORE, IN OROZCO - SANTILLIAN, TELEPHONE COMMUNICATION," YOU MOTHER F__ER, YOU WILL PAY FOR THIS," WAS A THREAT, IN CONTEXT OF EARLIER CONDITIONAL THREAT AT TIME OF ARREST," TAKE THESE HANDCUFFS OFF AND I'LL KICK YOUR F__ING ASS." IN DOYLE V. STATE, 661 S.W. 2d 726 (TEX.CR.APP. 1983), THE WORDS, "WHEN I GET OUT OF HERE I WILL JUST HAVE TO GET A GUN," ARE ALONE INSUFFICIENT PROOF OF A THREAT TO KILL. NO REASONABLE PERSON WOULD HAVE INTERPRETED SUCH A STATEMENT, GIVE ME THE ELECTRIC CHAIR, ON ITS ██, THAT IS, IN ITS MANY VERSIONS, AS A THREAT OF HARM INTENTIONALLY COMMUNICATED, TO JOSEPH, LANEY, OR DYAZ AS THE RECIPIENT OF A IMPLIED INJURY BECAUSE HE IS IN A HALLWAY LOOKING AT EVERYONE MENTIONING NO ONE BUT LOUD ENOUGH FOR EVERYONE TO HEAR.

(8)

NOR CAN IT BE INTERPRETED AS A SERIOUS EXPRESSION OF INTENT TO THREATEN ASSAULT OR AGG. ASSAULT BECAUSE THERE IS NO SPOKEN WORDS OF INDIRECTLY EXPRESSED THREATS OF PHYSICAL INJURY CONTAINED IN VEILED STATEMENTS TO IMPLY UNLAWFUL ACTS OF "IMMINENT" BODILY INJURY, THE CAUSE OF SERIOUS BODILY INJURY, OR DEATH WHEN VIEWED IN ALL THE CIRCUMSTANCES. THE THREAT HAS TO BE AN UNLAWFUL ACT AND FILING A LAWSUIT ISN'T UNLAWFUL. MEYER V. STATE, 366 S.W. 3d 728 (TEX. APP. - TEXARKANA 2012). THE TEST IS WHETHER THE THREAT COMMUNICATED JUSTIFY FEAR BY AN ORDINARY HEARER, NOT WHETHER THREAT COMMUNICATED CAUSED A PARTICULAR PERSON TO ACTUALLY BECOME FEARFUL. THREE DEPUTIES, "ORDINARY HEARER'S" TESTIFIED THAT THE ALLEGED STATEMENTS DID NOT JUSTIFY FEAR NOR PROBABLE CAUSE TO ARREST BROWN.

ALLEGED THREATS SHOULD BE CONSIDERED IN LIGHT OF THERE ENTIRE FACTUAL CONTEXT INCLUDING SURROUNDING EVENTS AND REACTION OF LISTENERS. AS NEW RELIABLE EVIDENCE NOT PRESENTED AT TRIAL; IT IS MORE LIKELY THAN NOT THAT NO REASONABLE JUROR WOULD HAVE FOUND BROWN GUILTY [SCHLUP V. DELO 513 U.S. 298, 327 (1995)], WHEN EVIDENCE SUBSEQUENT OF CRIMINAL TRIAL SURFACED IN CIVIL COURT CAUSE # D-1-FM-12-006145 (SEE REPORTERS RECORD OR TRIAL TRANSCRIPT), WHICH SHOWS TESTIMONY FROM THE DEPUTIES:

DEPUTY ARNOLD — IT DIDN'T APPEAR BROWN WAS DIRECTING WHATEVER HE WAS SAYING TO ANY OF THE ATTORNEYS AND THAT HAD HE COMMITTED A CRIME SHE WOULD HAVE ARRESTED HIM. (V.3 RR. P. 15, LINE 15-25). SAYING THE COMPLAINANTS WHERE LAUGHING

(9)

ABOUT HIM SAYING HE KNEW WHERE THEY LIVED (V. 3 RR. P. 16, LINE 2-8); AND THAT SHE DIDN'T FEEL THEY WERE SCARED AT ALL. (V. 3 RR. P. 17, LINE 19-25)

DEPUTY DUCAN — SAID HE WOULDN'T HAVE HESITATED AT ALL TO ARREST BROWN IF HE COMMITTED A CRIME (V. 3 RR. 12, LINES 22-25; RR. 13, LINES 1-6).

DEPUTY SLONE — SAID HAD HE DONE AN OVERT ACT SHE WOULD HAVE ARRESTED HIM AND THAT HE DIDN'T DIRECT -- PHYSICALLY APPROACH HIS ACCUSERS (V. 3 RR. P. 84, LINES 15-25; RR. P. 85, LINES 1-7). DIDN'T HEAR CASEWORKERS TALKING AFTERWARDS ~~BECAUSE~~ BECAUSE SHE FOLLOWED BROWN AND IT WAS NORMAL TO DO THAT (V. 3 RR. P. 87, LINES 9-10; 15-21)

THUS, AN EXTRANEOUS OFFENSE MAY GENERALLY BE CONSIDERED TO BE ANY ACT OF MISCONDUCT NOT SHOWN IN THE CHARGING INSTRUMENT THAT IS ALLEGED TO HAVE BEEN COMMITED BY THE DEFENDANT [PIKE V. STATE, 758 S.W. 2d 357, 362 (TEX. APP., WACO 1988, PET. REF.]. ALL THE ALLEGED STATEMENTS ARE EXTRANEOUS OFFENSES, IT IS IMPERMISSIBLE TO TIE BROWN TO AN EXTRANEOUS OFFENSE SOLELY BY IMPLICATION. SEE GOVAN V. STATE, 671 S.W. 2d 660, 663 (TEX. APP., HOUSTON [1st DIST] 1984, PET. REF.). EVIDENCE OF 22.01 AND 22.02 BY BROWN MUST SHOW A CRIME OR BAD ACT THAT IS CONNECTED TO HIM. MORENO V. STATE, 858 S.W. 2d 453, 463 (TEX. CR. APP. 1993), CERT. DENIED, 510 U.S. 966 (1993). IT IS ERROR TO ADMIT EVIDENCE OF ANOTHER OFFENSE IF BROWN IS NOT SHOWN TO BE THE GUILTY PARTY OF THE OFFENSE. TIPPINS V. STATE, 530 S.W. 2d 110, 111 (TEX. CR. APP. 1975); SEE THOMPSON V. STATE

(10)

615 S.W. 2d 760, 761 (TEX.CR.APP. 1981) REVERSED BECAUSED EVIDENCE INSUFFICIENT TO SHOW DEFENDANT'S GUILT OF EXTRANEOUS OFFENSE.

IF ONE CLAIM RELIES ON STATE LAW WHILE THE OTHER RELIES ON FEDERAL LAW, EVEN IF STATE PROVISION ARE SIMILAR OR IDENTICAL [ANDERSON V. HARLESS 459 U.S. 4,6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) PER CURIAM, STATE CLAIM OF INFRINGMENT OF RIGHT OF PROOF BEYOND REASONABLE DOUBT OF CRIMINAL CHARGES DOES NOT EXHAUST FEDERAL REASONABLE DOUBT CLAIM], IT SHOULD BE REVIEWED UNDER THE FUNDAMENTAL FAIRNESS GUIDELINES. IN TEMPLE V. STATE, 14-08-00074 CR (TEX. APP. — HOUSTON [14th DIST.] 2011 NO. PET.), THE COURT HELD, "BROOK DID NOT DO AWAY WITH FACTUAL-SUFFICIENCY REVIEW; IT SIMPLY RECOGNIZED THAT WHEN THE BURDEN OF PROOF IS BEYOND A REASONABLE DOUBT, FACTUAL AND LEGAL SUFFICIENCY ARE ONE AND THE SAME." BROOK DOES NOT ALTER CONSTITUTIONAL AUTHORITY OF THE INTERMEDIATE COURTS OF APPEAL TO EVALUATE AND RULE QUESTION OF FACT. BROOK V. STATE 323 S.W. 3d (TEX.CR.APP. 2010). THE LOWER COURTS IMPROPERLY MEASURED THE SUFFICIENCY OF EVIDENCE TO THE DEFECTIVE CHARGE THAT WAS GIVEN, IT MADE IT INSUFFICIENT AS A MATTER OF LAW TO SUPPORT THE VERDICT OF GUILTY. BOOZER V. STATE 717 S.W. 2d 608 (TEX.CR.APP. 1989).

II. DID THE APPELLATE COURT ERR WHEN IT RULED APPELLANT'S MOTION TO QUASH INDICTMENT WAS ONLY AN ORAL MOTION WHEN A PRO SE WRITTEN MOTION HAD ALSO BEEN FILED?

(11)

## STATEMENT OF FACTS

THE C.O.A. CONCLUDED THAT DISTRICT COURT DID NOT ERR IN DENYING BROWN'S ORAL MOTION TO QUASH BECAUSE HE WAS ACTING PRO SE WHILE HE WAS REPRESENTED BY COUNSEL WHEN HE MADE HIS REQUEST, ALSO CITING TEX.C.CRIM.PRO. ART. 27.10 SAYING MOTION TO QUASH MUST BE MADE IN WRITING. THE C.O.A. CITING C. CRIM. PROC. ART 1.14 ADDITIONALLY SAYS THAT BROWN HAS FAILED TO PRESERVE ANY ERROR REGARDING THE TWO PRO SE MOTIONS FILED BEFORE TRIAL BECAUSE HE'S NOT ENTITLED TO HYBRID REPRESENTATION AND THAT BROWN FAILED TO OBTAIN A RULING FROM THE DISTRICT COURT OR THAT THE DISTRICT COURT EXPRESSLY REFUSED TO RULE ON THE MOTIONS. C.O.A. SAYS THE INDICTMENT TRACKED THE LANGUAGE OF THE APPLICABLE STATUTE AND SATISFY CONSTITUTIONAL AND STATUTORY REQUIREMENTS.

## SUMMARY ARGUMENT

BROWN HAS STANDING TO CHALLENGE CONSTITUTIONALITY OF A INDICTMENT ONLY INSOFAR AS IT HAS ADVERSE IMPACT ON HIS OWN RIGHTS. AND IN CRIMINAL CASES, ULTIMATE TEST OF ANY EVIDENTIARY DEVICE'S CONSTITUTIONAL VALIDITY IN A GIVEN CASE IS WHETHER DEVICE UNDERMINES FACT FINDER'S RESPONSIBILITY AT TRIAL, BASED ON EVIDENCE ADDUCED BY THE STATE, TO FIND THE ULTIMATE FACTS BEYOND A REASONABLE DOUBT. THIS PDR PRESENTS FUNDAMENTAL QUESTIONS: 1.) WHETHER THE TRIAL COURT HAD JURISDICTION TO ENTERTAIN DEFENDANT CLAIM THAT THE RETALIATION INDICTMENT WAS ERRONEOUS AND UNCONSTITUTIONAL 2.) WHETHER THE APPLICATION OF THE RETALIATION IN THIS CASE WAS UNCONSTITUTIONAL 3.) WHETHER IT WAS PROPER FOR THE

(12)

TRIAL COURT TO DECIDE THE FACIAL CONSTITUTIONALITY ISSUE. THERE ISN'T A FAIR READING OF 36.06 TO SQUARELY BRING WITHIN THE PROHIBITION OF 36.06 BECAUSE THE INDICTMENT OMITS THE STATUTORY ELEMENT "HARM", ELEMENTS WHICH ARE NECESSARY TO AUTHORIZE CONVICTION. THERE IS NO INDICTMENT.

## ARGUMENT

(SUPRA, DOYLE, AT 730) CALLS INTO QUESTION THE ADEQUACY OF THE CONSTITUTIONAL REQUISITE OF NOTICE TO THE ACCUSED AND THEREFORE REQUIRES THIS COURTS CONSIDERATION OF IT FROM HIS PERSPECTIVE. DRUMM V. STATE, 560 S.W. 2d 944 (TEX. CR. APP. 1977). THE QUESTION PRESENTED IS WHETHER THE FACE OF THE INSTRUMENT SETS FORTH IN PLAIN AND INTELLIGIBLE LANGUAGE SUFFICIENT INFORMATION TO ENABLE BROWN TO PREPARE HIS DEFENSE. THE INDICTMENT OMITS THE STATUTORY ELEMENT "HARM" PEN. C. $1.07(a)(25) AND IT FAILED TO SPECIFY THE NATURE THE OFFENSE, WHICH ITEMS COULD HAVE BEEN RECEIVED A NUMBER OF WAYS WHEN APPLYING 22.01 AND 22.02; THE ALLEGED THREAT WAS CONVEYED IN A NUMBER OF WAYS: FACE TO FACE, OVER THE PHONE, THROUGH A THIRD PARTY. NOTHING WHATSOEVER IN THE INDICTMENT SUGGESTED AS MUCH. SEE JEFFERS V. STATE, 646 S.W. 2d 185 (TEX. CR. APP. 1981). BROWN WASN'T CHARGED FOR WHAT WAS ALLEGEDLY SAID BUT FOR 22.01 AND 22.02 TO PROVE 36.06, WHEREIN, HE IS ACTUALLY INNOCENT. TRIAL COURT BASED ITS DECISION ON, "A WHOLE RANGE OF THREATS FROM ASSAULT TO MURDER". RR. P. 71, LINES 15-25. INTENT, OF COURSE MAY BE INFERRED FROM ACT, WORDS AND CONDUCT OF THE ACCUSED. DUE V. STATE, 634 S.W. 2d 304, 305 (TEX. CR. APP. 1986). THE INTENT TO RETALIATE CANNOT BE

(13)

INFERRED FROM 22.01 NOR 22.02; ANY BROADER IMPLICATION OUTSIDE OF THE REQUSITE LANGUAGE OF THE CHARGE ITSELF, SUCH AS IMPLYING MURDER, IS EXTRANEOUS. EVEN ~~TESTIMO~~ TESTIMONY THAT BROWN SAID "I'M COMING FOR YOU" OR "I KNOW WHERE YOU LIVE" IS EXTRANEOUS BECAUSE HE WAS NOT GUILTY OF THAT OFFENSE. WHEN OFFENSE STATUTE DEFINE MANNER OR MEANS OF COMMISSION OF OFFENSE IN SEVERAL ALTERNATIVE WAYS, INDICTMENT WILL FAIL FOR LACK OF SPECIFICITY IF IT NEGLECTS TO IDENTIFY WHICH OF THE STATUTE IT MEANS TO ADDRESS. TEX. CONST. ART 1 §10; TEX. C. CR. PROC. ART. 21.02 (7), 21.03, 21.04; 6th AND 14th U.S. CONST. AMEND. THE INSTRUMENT MUST PROVIDE ON ITS FACE SUFFICIENT INFORMATION. SWABADO V. STATE, 597 S.W. 2d 361, 364 (TEX. CR. APP. 1980). BROWN IS SERVING A 15 YEAR SENTENCE UNDER TEX. GOV'T. C. § 508.149 AND TEX. C. CR. PROC. ART. 42.12 §(3g), WITHOUT THE COMPLAINT ALLEGING, CHARGING, OR ACCUSING THAT HE DID COMMIT A SPECIFIC OFFENSE CREATING A FATAL VARIANCE BY THE MISJOINDER VIOLATING UNWAIVABLE RIGHTS TO A FAIR TRIAL. THIS REPUGNANT INDICTMENT IS DUPLICITIOUS IN THAT IT READS ASSAULT AND AGG. ASSAULT IN EACH COUNT OF RETALIATION. (DOYLE, SUPRA, AT 731) MOTION TO QUASH ENTITLED HIM TO THE ALLEGATION OF FACTS SUFFICIENT TO BAR A SUBSEQUENT PROSECUTION FOR THE SAME OFFENSE AND SUFFICIENT TO GIVE HIM PRECISE NOTICE OF THE OFFENSE WITH WHICH HE WAS CHARGED.

THIS COURT IS GUIDED HERE BY OSBORNE V. OHIO, 495 U.S. 103, 122-125, 110 S.Ct. 1691, 109 L.Ed. 2d 98 (1990). OSBORNE

(14)

APPLIED THE GENERAL PRINCIPLE THAT AN OBJECTION AMPLE AND TIMELY TO BRING AN ALLEGED FEDERAL ERROR TO THE ATTENTION OF THE TRIAL COURT ENABLING IT TO TAKE APPROPRIATE CORRECTIVE ACTION, SATISFIES LEGITIMATE STATE INTEREST AND THEREFORE SUFFICES TO PRESERVE THE CLAIM FOR FEDERAL REVIEW. DEFENSES AND OBJECTIONS BASE ON DEFECTS IN THE INSTITUTION OF THE PROSECUTION FROM THE INDICTMENT FAIL TO SHOW JURISDICTION IN TRIAL COURT. CHAMBER V. MISSISSIPPI, 410 U.S. 284, 93 S.Ct. 1038 (1973). MOREOVER, ANY FAILURE TO OBJECT TO THE SUBSTANTIVE DEFECTIVE INDICTMENT SHOULD BE IMPUTED TO TRIAL COUNSEL'S DEFICIENCIES, SINCE THE COURTS BELOW DISREGARDED BROWN'S PRO SE MOTIONS BECAUSE HE WAS REPRESENTED BY COUNSEL AND NOT ON THE MERITS PIVOTING AROUND [COOK V. STATE, 902 S.W. 2d 471, 475-76 (TEX. CR. APP. 1995)], 1.) A PERSON 2.) THE COMMISSION OF AN OFFENSE; TO CONSTITUTE AN INDICTMENT. 22.01 AND 22.02 FAIL TO CHARGE THE COMMISSION OF 36.06, THEREFORE, IT IS NOT AN INDICTMENT AT ALL AND DOES NOT VEST ANY TRIAL COURT WITH JURISDICTION. FURTHERMORE, BECAUSE A VALID INDICTMENT IS ESSENTIAL FOR JURISDICTION, IT IS NOT SUBJECT TO WAIVER. THE C.O.A. SAYS BROWN WAS ACTING PROSE WHILE HE WAS REPRESENTED BY COUNSEL AND THAT THE DISTRICT COURT HAD NO DUTY TO RULE ON THE REQUEST, HOWEVER, IT CONFLICTS WITH ITS OWN OPINION SAYING BROWN SHOULD HAVE SAID SOMETHING BEFORE TRIAL BEGAN. BROWN PRESERVED ERROR THROUGH WRITTEN MOTION TO QUASH SUFFICIENT TO ENABLE TRIAL COURT TO COMPLY WITH REQUEST. TEX. R. EVID. 201 (b)(c)(d)(e). AND SINCE BROWN HAD THE RIGHT TO BE HEARD BY HIMSELF

(15)

[TEX. CONST. ART. 1 § 10], THE C. CR. PROC. ART 1.14 WAS SATISFIED AND WAS NOT VOIDABLE BY HYBRID REPRESENTATION AND THE INDICTMENT WAS VOIDABLE BY REQUIREMENT OF TEX. C. CR. PROC. ART. 21.02(i).

BROWN REQUESTED A RULING AT ARRAIGNMENT ON HIS MOTION TO QUASH AND TRIAL COURT PRONOUNCED THAT IF ALL THE ELEMENTS ARE NOT MET YOU'LL BE FOUND NOT GUILTY, EXPRESSLY REFUSING TO MAKE A RULING ON THE MOTION(S). BROWN COULD IMAGINE NO REASONABLE TRIAL STRATEGY FOR [TRIAL COUNSEL] REMAINING SILENT WHEN HE WAS DILIGENTLY TRYING TO GET JUDICIAL NOTICE PRO SE. BROWN MADE GOOD FAITH EFFORT TO COMPLY AND THE VIOLATION IS TECHNICAL [JAMES V. KENTUCKY, 466 U.S. 341, 351, 104 S. Ct. 1830, 80 L. Ed. 2d 346 (1984) STATE LAW PROCEDURAL VIOLATION NOT SUFFICIENTLY SERIOUS TO PREVENT REVIEW, SINCE DEFENDANT SOUGHT TO INVOKE SUBSTANCE OF FEDERAL RIGHT; HICKS V. WAINWRIGHT, 633 F.2d 1146, 1148 (5th CIR. [FLA.] 1981) -- ALTHOUGH INARTFULLY PHRASE, OBJECTION WAS SUFFICIENT; PEDRERO V. WAINWRIGHT, 590 F.2d 1383, 1390 (5th CIR. [FLA.] 1979), CERT. DENIED, 444 U.S. 943 (1979) PETITIONER DID ALL THAT HE COULD TO COMPLY"]; OR IF STATE PURPORTS TO RECOGNIZE THE "WAIVER" OF FEDERAL RIGHT THAT ARE UNWAIVABLE [ENRIQUEZ V. PROCUNIER, 752 F.2d 111, 114 (5th CIR. TEX. (1984), CERT. DENIED, 471 U.S. 1126 (1985); WEAVER V. McKASKLE, 733 F.2d 1103, 1104 5th CIR. [TEX.] 1984.

PIVOTING AROUND THE EXTRANEOUS THREATENING STATEMENTS WHICH THE GUILTY VERDICT STANDS, IS NOT SIMILAR TO THE ALLEGED OFFENSE AT THE GUILT/INNOCENCE PHASE DEMONSTRATING A PREJUDICE TO BROWN BECAUSE HE OBJECTED [DELGADO V.

(16)

STATE 235 S.W. 3d 244, 252-253 [TEX. CR. APP. 2007], AND REQUIRE A REVERSAL BECAUSE TRIAL COURT WAS ALLOWED TO CONVICT ON ASSUMPTION THAT HE WAS ACTING IN COMFORMITY WITH A CRIMINAL CHARACTER [ABDNOR v. STATE, 871 S.W. 2d 726, 738 (TEX. CR. APP. 1994], IT SIGNIFICANTLY CURTAILED HIS ABILITY TO PREPARE A DEFENSE. BRADY v. MARYLAND 373 U.S. 83, 87 (1963). THAT RIGHT IS UNQUESTIONABLY PROTECTED BY DUE PROCESS. SEE UNITED STATES v. BAGLEY 473 U.S. 667 (1985). PROSECUTOR'S ARGUMENT AS TO LAW WAS CONTRARY TO COURTS CHARGE. WHITING v. STATE, S.W. 2d 45, 48 (TEX. CR. APP. 1990). THE STATE BASICALLY IS SAYING 36.06 STATUTORY ELEMENTS END WITH ~~PROPERTY~~ THREATEN, AND IT IS ABLE TO IMPLY WHATEVER HARM AND UNLAWFUL ACT IT DECIDES, IF IT DECIDES, AT ANY STAGE OF THE PROCEEDING IT DECIDES TO PROVE ITS CASE.

## III. DID THE APPELLATE COURT ERR WHEN IT OVERRULED APPELLANT'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL?

### STATEMENT OF FACTS

C.O.A. OVERRULED BROWNS FINAL ISSUE SAYING COUNSEL'S REASON FOR FAILING TO DO SOMETHING DO NOT APPEAR IN THE RECORD AND BEFORE COUNSEL REPRESENTATION IS DEEMED INEFFECTIVE, COUNSEL SHOULD BE AFFORDED THE OPPORTUNITY TO EXPLAIN THEIR ACTIONS. IT ALSO SAYS BROWN DOESN'T IDENTIFY ANY PRE-TRIAL MOTIONS THAT SHOULD HAVE BEEN FILED AND THAT ATTORNEY INTRODUCED EVIDENCE REGARDING BROWNS MOTHER AS A MATERIAL WITNESS THROUGH QUESTIONING OF DEPUTIES AND BROWN. IT SAYS DEFICIENCIES

(17)

WERE DISCUSSED DURING THE TRIAL AND ARE APPARENT WHEN VIEWED, PERTAINING TO THE EXPERT WITNESS NOT BEING SUBPOENA. IT TOOK NOTICE OF BROWN'S PRO SE MOTION(S) FOR NEW TRIAL AND NOTICE OF APPEAL ALLEGING INEFFECTIVE ASSISTANCE OF COUNSEL, BUT SAYS HE HASN'T OVERCOME THE PRESUMPTION THAT COUNSEL PROFESSIONAL ASSISTANCE WAS UNREASONABLE. IT SAYS NEITHER COUNSEL NOR THE STATE HAVE BEEN GIVEN OPPORTUNITY TO RESPOND TO THE CLAIMS AND DENIES BROWN MOTION TO ABATE APPEAL.

## SUMMARY ARGUMENT

PROCEDURAL RULES DO NOT GENERALLY INVOLVE AN ASSERTION BY THE DEFENDANT HIMSELF, RATHER THE DECISION TO ASSERT OR NOT TO ASSERT CONSTITUTIONAL RIGHTS OR CONSTITUTIONAL OBJECTIONS ARE ENTRUSTED TO THE DEFENDANTS ATTORNEY. BROWN'S ATTORNEY HAD THE ULTIMATE RESPONSIBILITY OF DECIDING IF AND WHEN TO OBJECT, WHICH WITNESS, IF ANY, TO CALL, AND WHAT DEFENSES TO DEVELOPE. COUNSEL'S REPRESENTATION WERE NOT THE RESULT OF "TRIAL STRATEGY" BUT INSTEAD AN IGNORANCE OF CRIMINAL PROCEDURE AND HIS DUTY TO ZEALOUSLY DEFEND. BROWN SUFFERED THE UNFAIR PREJUDICE AND HARM OF REPEATED FAILURES. IT IS NOT THE GRAVITY OF THE ATTORNEY'S ERROR THAT MATTERS, BUT THE FACT THAT THE ERROR CONSTITUTE A VIOLATION OF BROWN'S RIGHT TO COUNSEL. WITH FUNDAMENTAL CONSTITUTIONAL RIGHTS AT STAKE, NO FICTIONAL RELATIONSHIP OF PRINCIPLE-AGENT OR THE LIKE CAN JUSTIFY HOLDING BROWN ACCOUNTABLE FOR THE NAKED ERRORS OF HIS ATTORNEY.

(18)

# ARGUMENT

CITING STRICKLAND V. WASHINGTON 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 674 (1984), SHOWING 1.) COUNSEL'S PERFORMANCE WAS DEFICIENT WHEN COUNSEL'S FAILURE TO EVALUATE PROPERLY, FACTS GIVING RISE TO A CONSTITUTIONAL CLAIM OR HIS FAILURE PROPERLY TO INFORM HIMSELF OF FACTS THAT WOULD HAVE SHOWN THE EXISTENCE OF A CONSTITUTIONAL CLAIM, MIGHT IN PARTICULAR FACT SITUATIONS MEET THE PROOF [OF INCOMPETENT COUNSEL] TOLLETT V. HENDERSON 411 U.S. 298, 327 (1973), AT 266 - 267. THERE IS NOTHING UNREASONABLE, HOWEVER, IN ADHERING TO THE PROPOSITION THAT IT IS THE RESPONSIBILITY OF A LAWYER WHO TAKE ON THE DEFENSE OF ANOTHER TO BE AWARE OF HIS CLIENTS BASIC LEGAL FORUM IN WHICH HE PRACTICES HIS PROFFESSION. IMPORTANT RIGHTS HUNG IN THE BALANCE, AS MENTIONED IN BROWN'S SECOND ISSUE IN THIS PDR PERTAINING TO HIS MOTION TO QUASH INDICTMENT WHERE COUNSEL FAILED TO ASSIST BROWN ON HIS REQUEST, SATISFYING STRICKLAND, 2.) DID DEFICIENT PERFORMANCE PREJUDICE BROWN'S DEFENSE, BECAUSE THE FAILURE OF TRIAL COUNSEL TO REQUEST A REASONABLE DOUBT INSTRUCTION WHEN EXTRANEOUS OFFENSE EVIDENCE INTRODUCED RESULTED IN A HOLDING THAT ERROR HAD BEEN WAIVED. (RODGERS V. STATE, 180 S.W. 3d 716, 724 (TEX. APP., WACO 2005, NO PET. H.) THE ERROR IS SO EGREGIOUSLY HARMFUL THAT BROWN WAS DENIED A FAIR AND IMPARTIAL TRIAL. [HUIZAR V. STATE, 12 S.W. 3d 479, 483 (TEX. CR. APP. 2000); CORMIER V. STATE, 955 S.W. 2d 161, 163 -164 TEX. APP., 1997, NO WRIT]. AN ATTORNEY HAS A DUTY TO EXERT HIS BEST EFFORT TO ENSURE THAT HIS CLIENTS DECISIONS ARE BASED ON CORRECT

(19)

INFORMATION AS TO THE APPLICABLE LAW. FAILURE TO GIVE COMPETENT ADVISE TO A DEFENDANT WHICH WOULD PROMOTE AN UNDERSTANDING OF THE LAW IN RELATION TO THE FACTS AND WHICH WOULD PERMIT AN INFORMED AND CONSCIOUS CHOICE IS ERROR. SEE RODRIGUEZ V. STATE, 340 S.W. 2d 61 (TEX.CR.APP. 1960); CARUSO V. ZELINSKY 689 F.2d 438 (3rd CIR. 1982). IT HAS BEEN HELD THAT, IN THE ABSENCE OF ANY TRIAL STRATEGY FOR THE FAILURE TO REQUEST THE EXTRANEOUS OFFENSE INSTRUCTIONS, COUNSEL'S REPRESENTATION FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS REQUIRING A REVERSAL ON THE GROUND OF INSUFFICIENT EVIDENCE [EX PARTE VARELAS, 45 S.W. 3d 627, 630 (TEX. CR. APP. 2001)].

IN NELSON V. STATE 149 S.W. 3d 175 (TEX. CR. APP. 1976) THE COURT STATED: THE SECOND PRONG OF STRICKLAND REQUIRES THE DEFENDANT AFFIRMATIVELY PROVE PREJUDICE. THERE IS A REASONABLE PROBABILITY THAT BUT FOR COUNSEL'S ~~UNPROFESSIONAL~~ UNPROFESSIONAL ERROR, THE RESULT OF THE PROCEEDING WOULD HAVE BEEN DIFFERENT. A REASONABLE PROBABILITY IS A PROBABILITY SUFFICIENT TO UNDERMINE THE CONFIDENCE IN THE OUTCOME. BUTLER V. STATE, 716 S.W. 2d 48, 54 (TEX.CR.APP. 1986); EX PARTE WELBORN 785 S.W. 2d 391 (TEX.CR.APP. 1990). THIS IS ESPECIALLY TRUE WHEN BROWN REJECTED A PLEA BARGAIN BASED ON ERRONEOUS LEGAL ADVICE FROM COUNSEL AND WAS CONVICTED AT TRIAL AND RECIEVED A MUCH GREATER SENTENCE THAN OFFERED IN THE PLEA BARGAIN. ADDITIONAL JAIL TIME HAS A SIXTH AMENDMENT SIGNIFICANCE. SEE GLOVER V. UNITED STATES, 533 U.S. 198, 203-204, 121 S.Ct. 696, 148 L.Ed. 2d 604.

(20)

Brown sought relief based on a failure to meet a valid legal standard and the application of an incorrect legal principal. As a result of counsel's ineptitude and not because of strategic reason, Brown was harmed at the plea bargain level and wasn't making a decision to plead or procede to trial. See Ninth Circuit United States Court of Appeal Moore V. Czerniak, No. 04-15713, July 28, 2009. Counsel's deficiencies caused Brown to act pro se, to procede a not guilty plea without notice of the offense, it opened the door to extraneous offenses, caused Brown to lose the plea bargain benefits, rendered a guilty verdict for 22.01 and 22.02 and 36.06, all crimes Brown are not shown to have committed, and it failed to preserve error on appeal. See Hill V. Lockhart, 474 U.S. 52 (1985). The standard for determining prejudice in ineffectiveness cases during plea bargain process was established in the U.S. Supreme Court Missouri V. Frye, 132 S.Ct 1399 (2012) and Lafler V. Cooper, 132 S.Ct 1376 (2012). Ex Parte Lemke, 13 S.W. 3d 796 (Tex. Cr. App. 2000) held that an accused suffers prejudice when his lawyer's deficient performance deprived him the opportunity to accept a plea bargain that he may have accepted if he had suffient information from counsel on which to base his decision.

Brown's attorney gross neglegence is not limited to not filing a motion to quash, but his failure to file any pre-trial motions in Brown's favor. Brown filed many pro se motions; motions are stated in his statement of case in

(21)

HIS APPELLANT'S BRIEF. CLAIMS OF LEGAL SUBSTANCE SHOULD NOT BE FORFEITED BECAUSE OF FAILURE TO STATE THEM WITH TECHNICAL PRECISION [BROWN V. ALLEN, 344 U.S. 443, 502, 97 L.Ed. 469, 73 S.Ct. 397 (1953)]. COUNSEL HAD NO CLUE AS TO HOW ARE WHERE TO BEGAN TO DEFEND AND SUCH DEFICIENT PERFORMANCE WAS PREJUDICE. WOOD V. ALLEN, 130 S.Ct. 841 (2010); COUNSEL ALSO FAILED TO INVESTIGATE DEFENDANTS ONLY DEFENSE [BROOK V. TEXAS, 381 F.2d 619 (5th CIR. 1967)]. IT IS NOT SPECULATION TO SAY COUNSEL WAS INEFFECTIVE BECAUSE HE DIDN'T HAVE A FIRM COMMAND OF GOVERNING LAW. EX PARTE DUFFY, 607 S.W. 2d 507, 516 (TEX. CR. APP. 1980). AS POINTED OUT IN BLUE V. STATE, 41 S.W. 3d 129 (TEX. CR. APP. 2000), THE COURT CAN TAKE NOTICE OF FUNDAMENTAL ERRORS AFFECTING SUBSTANTIAL RIGHTS ALTHOUGH THEY WERE NOT BROUGHT TO THE COURT. THE BLUE COURT FOUND IT WAS NOT NECESSARY FOR COUNSEL TO OBJECT FOR ERROR TO BE PRESERVED.

MOREOVER, COUNSEL DEFICIENT PERFORMANCE HARMED BROWN WHEN HE ADMITTED TO DENYING BROWN COMPULSORY PROCESS. (RR. P. 74, LINES 20-25). THIS IS PERTAINING TO BROWN'S REQUEST TO CALL "EXPERT WITNESS". SEE TEX. R. EVID. 702, 703, AND 705(a). COUNSEL HAS A DUTY TO MAKE REASONABLE PRETRIAL INVESTIGATIVE EFFORTS TO BASE A DECISION NOT TO PRESENT A MITIGATION CASE BASED ON A THOROUGH UNDERSTANDING OF AVAILABLE EVIDENCE. WIGGINS V. SMITH, 539 S.W. 2d (2003), QUOTING STRICKLAND V. WASHINGTON, 466 U.S. 668 (1984). PERHAPS ON CROSS-EXAMINATION OF THE EXPERT WITNESS IT WOULD HAVE PRODUCED EXCULPATORY EVIDENCE, SUCH AS, THIS WASN'T ALL THE VIDEO HE OR SHE HANDED

(22)

OVER, EXPLAINED WHY TIME ON THE VIDEO IS CROPPED, MISSING, AND SKIPPED OUT OF SEQUENCE, EXPLAINED WHY THE VIDEO STOPPED BEFORE BROWN ENTERED THE ELEVATOR, EXPLAIN THE PLACEMENT OF THE CAMRA'S OR THAT THERE WAS POSSIBLE MORE VIDEOS, MAYBE THERE WAS A VIDEO WITH SOUND, PERHAPS THE VIDEO HAS BEEN UNLAFULLY ALTERED. THE ALLEGED OFFENSE HAPPENED AT 1PM APPROXIMATELY, IT IS ALLEGED BROWN WAS ~~PUSHED~~ PUSHED ONTO THE ELEVATOR BY HIS MOTHER, HE WAS ALLEGEDLY LOOKING AT THEM. THE VIDEO IS VAUGE WITHOUT THIS EXCULPATORY WITNESS. [MELENDEZ - DIAZ V. MASSACHUSETTS, 577 U.S. _____ 2009; AND BULLCOMING V. NEW MEXICO, 564 U.S. _____ 2011, THE COURT HELD THAT ADMITTING A LAB CHEMIST'S ANALYSIS INTO EVIDENCE WITHOUT HAVING HIM TESTIFY VIOLATED THE CONFRONTATION CLAUSE]. SEE EX PARTE WOOD, 176 S.W. 3d 224 (TEX. CR. APP. 2005), COUNSEL HAS THE DUTY TO SEEK OUT AND INTERVIEW POTENTIAL WITNESS. BROWN FILED A PRO SE MOTION ~~TO~~ FOR DISCOVERY, IT WAS NOT NECESSARY FOR COUNSEL TO OBJECT TO PRESERVE ERROR, BLUE SUPRA, AND IF THIS COURT WILL NOT CONSTRUE BROWN'S OBJECTION TO THE DENIAL OF DISCOVERY AS HAVING RESTED ON A CONTENTION THAT, BRADY SUPRA, REQUIRES THE PROSECUTION TO DISCLOSE ANY EVIDENCE THAT MIGHT BE MATERIAL TO GUILT, WHETHER OR NOT IT IS EXCULPATORY, THEN THE COURT SHOULD FRAME THE ISSUE BEFORE IT AS WHETHER ACT OR OMISSION BY COUNSEL, INSUFFICIENT TO CONTRAVENE THE SIXTH AMENDMENT. SEE CARRIER V. HUTTO, 724 F.2d 396 (1983). BROWN ARGUES THE SAME CONTENTION ON HIS PRO SE MOTION TO SUPRESS, WHERE THE EXCLUSIONARY RULE EXTEND TO BAR THE GOVERNMENT FROM USING BOTH THE INDIRECT AND DIRECT PRODUCT OF UNCONSTITUTIONAL CONDUCT [STATE V. ROBINSON 334 S.W. 3d 776 (TEX.

(23)

CR. APP. 2011). BECAUSE THERE IS A ~~CASUAL~~ CONNECTION BETWEEN THE EVIDENCE AND STATUTORY VIOLATION, AND ITS PROBATIVE VALUE WAS OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE [MONTGOMERY V. STATE, 810 S.W. 2d 372, 388-389 (TEX. CR. APP. 1991]; SEE TEX. R. EVID. 403]; OR COUNSEL'S ACT OR OMISSION IS INSUFFICIENT TO CONTRAVENE THE SIXTH AMENDMENT. BROWN HAD THE RIGHT TO CROSS-EXAMINE THE VALIDITY AND MEANING OF THE VIDEO(S) OR HAVE THEM SUPRESSED.

STRATEGIC CHOICES MADE AFTER LESS THAN COMPLETE INVESTIGATION PREVENTS A REASONABLE PROFESSIONAL JUDGMENT WHICH AREN'T "STRATEGIC" AT ALL. THE U.S. SUPREME COURT RULED IN CRAWFORD V. WASHINGTON, 541 U.S. 36 (2003), THAT ADMITTING TESTIMONIAL STATEMENTS UNDER HEARSAY EXCEPTION DOES VIOLATE THE CONFRONTATION CLAUSE OF THE SIXTH AMENDMENT. BROWN'S MOTHER COULD HAVE TESTIFIED THAT BROWN WAS INDEED TALKING TO HER ABOUT RELIGION, FILING A LAWSUIT, AND THAT HE WAS NOT FACING HIS ACCUSERS, BUT, TALKING LOUD ENOUGH FOR THEM TO HEAR, THAT SHE DIDN'T PUSH HIM ON THE ELEVATOR. IN CASES SUCH AS THIS WHERE THERE ARE NO PHYSICAL EVIDENCE AND EVIDENCE IS BASED ON TESTIMONY, THEN, ANY ~~BY~~ DENIAL OF THIS EXCULPATORY WITNESS VERSIONS OF FACT HARMED BROWN'S DEFENCE. SEE TEX. R. EVID. 706(d).

FUTHERMORE, COUNSEL DIDN'T HAVE A CLOSING ARGUMENT AFTER THE GUILT/INNOCENCE PHASE. HE DIDN'T EVEN OBJECT TO PROSECUTORS CLOSING ARGUMENT WHEN HE SAID THE STATE PROVED EVERY ELEMENT BEYOND A REASONABLE DOUBT. IN CHALLENGING PROSECUTOR'S CLOSING ARGUMENT BROWN CITE'S

(24)

CALDWELL V. MISSISSIPPI, 472 U.S. 320, 86 L.Ed. 231, 105 S.Ct. 2633 (1985); BLUE, SUPRA. SINCE COUNSEL'S FAILURE TO OBJECT TO THE PROSECUTOR CLOSING ARGUMENT MAY BE PROCEDURALLY WAIVED, THIS COURT WILL CONSIDER WHETHER ACT OR OMISSION BY COUNSEL, IS INSUFFICIENT TO CONTRAVENE THE SIXTH AMENDMENT. FURTHER COUNSEL ASKED BROWN, WHILE HE WAS ON THE STAND, TO BE A WITNESS AGAINST HIMSELF VIOLATING THE FIFTH AMENDMENT, WHEN HE ASKED, "DID YOU SAY YOU KNEW WHERE THEY LIVED,[THEY]." HE DIDN'T EVEN OBJECT WHEN THE PROSECUTOR BADGERED BROWN WITH [SUGGESTIVE EXTRANEOUS OFFENSES]. TRIAL WAS ABOUT 30-MINUTES. ALSO, NO ATTORNEY WOULD HAVE USED DISTRICT ATTORNEY MURDERS TO SHOW WHY DEFENDANT ACCUSERS MAY HAVE BEEN IN FEAR. WHEN REVIEWING THE TOTALITY OF COUNSELS REPRESENTATION [THOMPSON V. STATE 9 S.W. 3d 808, 813 (TEX.CR.APP. 1999)] IT IS NOT SPECULATION TO SAY ATTORNEY CONTRABUTED TO BROWNS CONVICTION AND ABRIDGED CONSTITUTIONAL RIGHTS ENTITLED TO HIM. BROWN IS SERVING A 15 YEAR SENTENCE UNDER TEX. C. CR. PROC. ART. 42.12 § (3g); GOV'T. C. § 508.149 AND DOESN'T KNOW THE OFFENSE BECAUSE OF COUNSEL'S INCAPACITY, INERT AND GROSSLY DEFICIENT PERFORMANCE WHICH SUCH SERIOUS ERROR SHOW THAT ATTORNEY WAS NOT FUNCTIONING AS COUNSEL AND DEPRIVED A FAIR TRIAL. STRICLAND, 466 U.S., AT 687.

MOREOVER, ATTORNEY OR COURT MUST ADVISE YOU OF A.) YOUR RIGHT TO APPEAL; B) THE PROCEDURE AND TIME LIMITS INVOLVED; AND C) YOUR RIGHT TO APPOINTED COUNSEL ON APPEAL. SEE T.R.A.P. 25.2(d) COURTS CERTIFICATION OF DEFENDANTS RIGHT TO APPEAL; 25.2 (d)(2) THE NOTICE TO INFORM THE DEFENDANT OF HIS RIGHT

(25)

TO APPEAL. SEE THOMAS V. BETO, 423 F.2d 642 (5th CIR. 1970); EX PARTE AXEL, 757 S.W. 2d 369 (TEX.CR.APP. 1988). WHEN LOOKING TO THE TOTALITY OF THE REPRESENTATION FRANGIAS V. STATE, 392 S.W. 3d 642,653 (TEX. CR. APP. 2013), WE NOW LOOK TO THE ERROR THAT COUNSEL FAILED TO ADVISE BROWN OF HIS RIGHT TO APPEAL ORALLY OR IN WRITING, FAILED TO ASSIST BROWN AS A MATTER OF RIGHT IN PERFECTING AN APPEAL GIDEON V. WAINWRIGHT, 372 U.S. 335,339,344,9 L.Ed. 2d 799,802,805, 83 S.Ct. 792,93 ALR 2d 733 (1963). BROWN WAS UNWILLING TO PARTICIPATE WITH COUNSEL BECAUSE 1.) COUNSEL WAS INCOMPETENT AND HE WAS PREJUDICED BY COUNSEL'S INCOMPETENCE 2.) IT WAS SOLELY TO REDUCE THE SENTENCE. BROWN SUFFICIENTLY INDICATED IN HIS PRO SE MOTION FOR NEW TRIAL AND MOTION TO APPEAL THAT COUNSEL WAS INEFFECTIVE, HE ALSO FILED A PRO SE MOTION FOR APPELLATE COUNSEL. APPELLATE COUNSEL WAS NOT AFFORDED TO BROWN UNTIL AFTER BOTH THE THIRTY-DAY AND SEVENTY-FIVE DAY TIME PERIOD IN WHICH TO HAVE A HEARING ON A MOTION FOR NEW TRIAL HAD EXPIRED, DENYING BROWN EFFECTIVE COUNSEL AT A CRITICAL STAGE. COOK V. STATE, 240 S.W. 3d 906,911 (TEX.CR.APP. 2007). BROWN DEMONSTRATED COUSEL DEFICIENT PERFORMANCE PREJUDICED HIM DURING EVERY CRITICAL STAGE OF HIS TRIAL EGREGIOUSLY AND THAT PROCEDURAL ERRORS WERE EXTERAL TO HE HIM. EVITTS V. LUCEY, 469 U.S. 387,396, 83 L.Ed. 2d 821,105 S.Ct. 830 (1985). THE MOTION TO ABATE APPEAL SHOULD HAVE BEEN GRANTED BECAUSE COUNSEL MADE A FARCE OF THE TRIAL BY NOT PROVIDING ASSISTANCE WITHIN A REASONABLE RANGE OF PROFESSIONAL COMPETENCE. SEE UNITED STATES V. DECOSTER, 159 U.S. APP. D.C. 326,487 F.2d 1197 (1973).

(26)

## PRAYER

FOR THE REASONS ADDRESSED IN THIS PDR, BROWN PRAYS THIS COURT FINDS REVERSIBLE ERROR T.R.A.P. 61.1(a)(b) AND RENDER JUDGMENT PURSUANT T.R.A.P 60.2(e) VACATING THE JUDGMENTS OF THE LOWER COURTS AND DISMISS THE INDICTMENT.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON THIS 16th DAY OF JULY, 2015, A COPY OF THE FOREGOING DOCUMENT WAS MAILED BY DELIVERING IT TO A PRISON OFFICIAL FOR MAILING UNDER THE INDIGENT POLICY, TO THE CLERK FOR THE COURT OF CRIMINAL APPEALS P.O. BOX 12308, CAPITOL STATION AUSTIN, TEXAS, 78711 AND SERVED UPON TRAVIS COUNTY DISTRICT ATTORNEY'S OFFICE P.O. BOX 1748 AUSTIN, TX 78701